UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VALERIE SANTIAGO,

    Plaintiff,

v.

    CASE NO.:

RIVERVIEW ALF OPERATOR, LLC,
a Florida Limited Liability Company,
RIVERVIEW ALF HOLDINGS, LLC,
a Florida Limited Liability Company.

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW Plaintiff, VALERIE SANTIAGO ("Plaintiff"), on behalf of herself, by and through the undersigned counsel, and sue Defendants, RIVERVIEW ALF OPERATOR, LLC, and RIVERVIEW ALF HOLDINGS, LLC, collectively ("Defendants"), and in support state as follows:

### Jurisdiction and Venue

1.    This is an action for damages by Plaintiff, on behalf of herself, against her former employer for unpaid overtime and retaliation under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, for interference and retaliation. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

2.    Venue is proper in this Court pursuant to Rule 1.02(c) of the Local Rules of the Middle District of Florida. Venue is proper in this District because a substantial part of the events and omissions giving rise to the claims occurred in this District. At all times material to Plaintiff's

1

claims, Defendants have conducted substantial, continuous, and systematic commercial activities in this District.

## Parties and Factual Allegations

3. Plaintiff, VALERIE SANTIAGO, was employed by Defendants from on or around July 29, 2019, to on or around August 10, 2020, was paid a salary, and hired as an "on-call" employee seven (7) days a week, twenty-four (24) hours a day. At all relevant times, Plaintiff's title was "Staffing Coordinator."

4. As a Staffing Coordinator, Plaintiff was responsible for creating schedules for nurses, CNAs, and med techs. Plaintiff would also perform administrative duties such as answering emails, texts, and phone calls.

5. Plaintiff was an employee of Defendants as defined by 29 U.S.C. § 203(e).

6. Plaintiff was not exempt under any exemption under the FLSA.

7. Defendant, RIVERVIEW ALF OPERATOR, LLC, a Florida Limited Liability Company, operates a business located in, among other locations, Brevard County, Florida.

8. Defendant, RIVERVIEW ALF HOLDINGS, LLC, a Florida Limited Liability Company, operates a business located in, among other locations, Brevard County, Florida.

9. Defendants are enterprises engaged in interstate commerce with annual gross business of $500,000.00 or more.

10. Defendants were employers of Plaintiff as defined by 29 U.S.C. § 203(d).

11. At all relevant times Defendants directly, or through their agents or other persons, employed Plaintiff and exercised control over the wages, hours, and working conditions of Plaintiff.

12. On a frequent basis throughout Plaintiff's employment with Defendants, Plaintiff worked in excess of forty (40) hours per week but was not compensated for all hours worked in excess of forty (40) hours at a rate not less than one-and-one-half times her regular rate of pay.

13. At all relevant times Plaintiff worked in excess of forty (40) hours per week, Defendants were aware of, and suffered or permitted the same.

14. Plaintiff complained verbally to Defendants about not being paid overtime.

15. Plaintiff has sustained damages from Defendants' failure to pay overtime compensation.

16. Defendants are covered employers as contemplated by the FMLA.

17. At all relevant times, Defendant employed fifty (50) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding year within seventy-five (75) miles of Plaintiff's work locations.

18. Plaintiff was entitled to and eligible for FMLA leave.

19. On or around June 20, 2020, Plaintiff informed HR about her need for leave due to her serious medical leave which required a medical procedure on July 21, 2020, stating she would be out of work for recovery until on or around July 31, 2020.

20. On or around July 28, 2020, Plaintiff informed HR that she would need additional leave due to her serious medical condition, per doctor's orders. Defendant approved and extended Plaintiff's leave from July 31, 2020, to August 9, 2020. Plaintiff was able to return to work without restrictions on August 10, 2020.

21. On August 9, 2020, a day before Plaintiff was able to return to work, she reached out to HR, and HR advised Plaintiff to return on August 11, 2020.

22. On August 11, 2020, Plaintiff returned to work, and was promptly brought into a meeting with the new Director of Nursing, HR, and the Administrator. During this meeting, Plaintiff was informed that they were doing away with her position.

23. Defendants then offered Plaintiff positions for which she was not qualified.

24. Plaintiff was also informed of a Front Desk position that she could perform, but Defendants made her interview for the position. This position was only for twelve (12) to sixteen (16) hours per week.

25. Plaintiff was interviewed on August 20, 2020; however, received no response from Defendants. Plaintiff followed up on August 26, 2020. Plaintiff received no response from Defendants. Plaintiff then followed up again on August 28, 2020, however, Defendants never contacted Plaintiff again.

26. Defendants interfered with Plaintiff's FMLA and retaliated against Plaintiff by treating her differently, and ultimately terminating Plaintiff for needing, requesting, and taking FMLA leave.

27. As a result of Defendants' unlawful actions, Plaintiff suffered and will continue to suffer damages including loss of earnings, loss of ability to earn money, and other employment benefits and job opportunities. The losses are either permanent or continuing and Plaintiff will suffer losses in the future.

28. Plaintiff retained LYTLE & BARSZCZ to represent her in this matter and has agreed to pay said firm attorney's fees and costs for its services.

**COUNT I**
**FAMILY MEDICAL LEAVE ACT**
**29 U.S.C. 2615, et. Seq.**
**(Interference)**

29. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 28 above as if fully set forth herein.

30. Plaintiff was an entitled to FMLA and was eligible employee under the FMLA.

31. Defendants are employers within the meaning of FMLA, who employed fifty (50) or more employees within seventy-five (75) miles of Plaintiff's worksites for each working day of twenty (20) or more calendar workweeks in the current or preceding year.

32. At all times relevant hereto, Plaintiff was entitled to and eligible for FMLA leave for her serious health condition.

33. Defendant violated the FMLA by denying Plaintiff leave and/or interfering with Plaintiff's leave under the FMLA, denying Plaintiff the full benefits of her leave under the Act, by denying her certain conditions and benefits of employment because of her leave, and by ultimately terminating her employment with Defendant for exercising her rights under the FMLA.

34. As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff suffered and will continue to suffer loss of earnings, loss of ability to earn money, and other employment benefits and job opportunities. The losses are either permanent or continuing and Plaintiff will suffer losses in the future.

35. Plaintiff retained LYTLE & BARSZCZ to represent her in this matter and has agreed to pay said firm attorney's fees and costs for its services.

**WHEREFORE**, Plaintiff demands judgment against Defendant for the following:

A. Backpay, front pay and compensatory damages;

B. Pre-judgment and post judgment interest;

C. Liquidated damages;

D. Attorney's fees and costs; and,

E.  Such other relief this Court deems just and proper.

## COUNT II
## FAMILY MEDICAL LEAVE ACT
## 29 U.S.C. 2615, et. Seq.
## (Retaliation)

36. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 28 above as if fully set forth herein.

37. Defendants violated the FMLA by retaliating against Plaintiff for making protected expressions and by exercising her rights under the FMLA.

38. As a direct and proximate result of Defendants' violations of the FMLA, Plaintiff suffered and will continue to suffer loss of earnings, loss of ability to earn money, other employment benefits and job opportunities and mental anguish and emotional distress.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

39. Plaintiff retained LYTLE & BARSZCZ to represent her in this matter and has agreed to pay said firm attorney's fees and costs for its services.

**WHEREFORE**, Plaintiff demands judgment against Defendant for the following:

A.  Backpay, front pay, and compensatory damages including emotional distress damages;

B.  Pre-judgment and post judgment interest;

C.  Liquidated damages;

D.  Attorney's fees and costs; and,

E.  Such other relief this Court deems just and proper.

## COUNT III
## FAIR LABOR STANDARDS ACT
## (Violation of the Overtime Provisions)

40. Plaintiff repeats and incorporates by reference each and every allegation set forth in Paragraphs 1 through 28 above, as if fully set forth herein.

41. During the relevant statutory period, Plaintiff regularly worked in excess of forty (40) hours per week.

42. Defendants failed to pay Plaintiff the required overtime rate, one-and-one-half times her regular rate, for all hours worked in excess of forty (40) hours per week.

43. Defendants failed to keep proper records of all hours worked by Plaintiff as required by 29 U.S.C. § 211(c), even though Plaintiff was entitled to overtime compensation.

44. As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages.

45. Plaintiff retained LYTLE & BARSZCZ to represent her in this matter and has agreed to pay said firm attorney's fees and costs for its services.

**WHEREFORE** Plaintiff demands judgment against Defendants for the following:

A. Unpaid overtime proven to be due and owing;

B. An additional amount equal to unpaid overtime proven to be due and owing in liquidated damages;

C. Pre- and post-judgment interest as allowed by law;

D. Attorneys' fees and costs; and,

E. Such other relief as the Court finds just and proper.

### COUNT IV
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (Retaliation)

46. Plaintiff repeats and incorporates by reference each and every allegation set forth in Paragraphs 1 through 28 above, as if fully set forth herein.

47. Defendants intentionally retaliated against Plaintiff because of her complaints and opposition to Defendants' unlawful employment practices, as set forth in the preceding paragraphs, in violation of the Fair Labor Standards Act.

48. Defendant retaliated against Plaintiff for engaging in an activity protected by the Fair Labor Standards Act by taking unwarranted actions against her and terminating her employment.

49. As a direct and proximate result of Defendant's unlawful retaliation against Plaintiff, Plaintiff has suffered and will continue to suffer emotional distress, loss of earnings, loss of ability to earn money, and other employment benefits and job opportunities. The losses are either permanent or continuing and Plaintiff will suffer losses in the future.

50. Plaintiff retained LYTLE & BARSZCZ to represent her in this matter and has agreed to pay said firm attorney's fees and costs for its services.

**WHEREFORE** Plaintiff demands judgment against Defendants for the following:

A. Back pay, front pay, general and compensatory damages, including emotional distress damages;

B. Liquidated damages;

C. Pre- and post-judgment interest as allowed by law;

D. Attorneys' fees and costs of this action; and,

E. Such other relief as the Court finds just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted on this 10th day of August 2021.

*/s/ Mary E. Lytle*
**Mary E. Lytle, Esq.**

Florida Bar No.: 0007950
**David V. Barszcz, Esquire**
Florida Bar No.: 0750581
**LYTLE & BARSZCZ**
533 Versailles Drive, 2nd Floor
Maitland, Florida 32751
Telephone: (407) 622-6544
Facsimile: (407) 622-6545
mlytle@lblaw.attorney
dbarszcz@lblaw.attorney
**Counsel for Plaintiff**